UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEON MAVROMATIS,

    Plaintiff,

v.    Case No. 8:18-cv-2146-T-60AEP

GEOVERA SPECIALTY INSURANCE
COMPANY,

    Defendant.
_____/

# ORDER

Before this Court is plaintiff Leon Mavromatis's Motion to Lift Stay and Remand (Doc. # 15), filed on May 8, 2019. Defendant GeoVera Specialty Insurance Company responded in opposition on May 20, 2019. (Doc. # 16). As directed by the Court (Doc. # 21), Mavromatis replied to GeoVera's response on July 12, 2019. (Doc. # 22). For the reasons that follow, the Motion is granted in part and denied in part.

## I. Background

Mavromatis, a Florida resident, owns real property located in New Port Richey, Florida, which is covered under an insurance policy issued by GeoVera — a California corporation with its principal place of business in California. (Doc. # 1 at ¶¶ 6-7; Doc. # 2 at ¶¶ 2, 5). On September 14, 2017, Mavromatis reported his property was damaged to GeoVera. (Doc. # 16 at ¶ 3). GeoVera investigated the claim and determined it would cost $17,754.76

to repair the damages. (Doc. # 1-1 at 2, 83-85). After applying the deductible of $7,140.00, GeoVera issued payment of $10,614.76 to Mavromatis on November 29, 2017. (*Id.*; Doc. # 16 at ¶ 4). On May 25, 2018, Mavromatis's counsel requested GeoVera reconsider its valuation of the cost to repair the property. (Doc. # 1-1 at 96-108). This request was supported by four estimates, which valued the cost of repairs at $60,252.64. (*Id.*). GeoVera rejected these estimates and demanded appraisal. (*Id.* at 2, 109-11). Then, on June 24, 2018, Mavromatis filed this action in state court against GeoVera for breach of contract and attorney's fees under Section 627.428, *Florida Statutes*. (Doc. # 2).

GeoVera timely removed this case on August 28, 2018, asserting the requirements for diversity jurisdiction had been satisfied. (Doc. # 1). Thereafter, the parties requested the Court stay the case to allow the parties to determine the amount of loss to Mavromatis's property through appraisal. (Doc. ## 6, 9). Following a hearing on the matter, the case was stayed, and the parties proceeded to appraisal. (Doc. # 11). On December 7, 2018, an appraisal award was issued, which determined the total cost to repair Mavromatis's property was $46,124.13. (Doc. # 15-1; Doc. # 16 at ¶ 14). After applying the deductible of $7,140.00 and the $10,614.76 previously paid to Mavromatis, GeoVera agreed to pay Mavromatis $28,368.38. (Doc. # 15 at ¶ 20; Doc. # 15-1; Doc. # 16 at ¶ 15).

On May 8, 2019, Mavromatis filed his Motion to Lift Stay and Remand. (Doc. # 15). Mavromatis avers the only remaining dispute is the entitlement to attorney's fees and costs under Section 627.428. (*Id.* at ¶ 22). Nonetheless, Mavromatis contends GeoVera failed to establish the amount-in-controversy requirement had been met when this action was removed. (*Id.* at 1; Doc. # 22). Therefore, Mavromatis seeks to remand this case back to state court and demands attorney's fees for GeoVera's improper removal. Having already lifted the stay (Doc. # 20), the Court now considers Mavromatis's request to remand.

## II. Remand

Mavromatis begins by arguing this case should be remanded. (Doc. ## 15, 22). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are strictly construed against removal. *Shamrock Oil & Gas Co. v. Sheets*, 313 U.S. 100, 108 (1941). The removing defendant bears the burden of establishing federal jurisdiction. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008). Any doubt as to propriety of removal should be resolved in favor of remand to state court. *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979).

In its Notice of Removal, GeoVera predicates federal jurisdiction on the diversity provisions of 28 U.S.C. § 1332. (Doc. # 1 at ¶ 2). "For federal

diversity jurisdiction to attach, all parties must be completely diverse . . . and the amount in controversy must exceed $75,000." *Underwriters at Lloyd's London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010). The parties do not dispute the existence of complete diversity — GeoVera is a citizen of California, and Mavromatis is a citizen of Florida. (Doc. # 1 at ¶¶ 6-7). Rather, the parties only dispute whether the amount-in-controversy requirement is met.

The Complaint does not state a specified claim to damages but simply alleges "[t]his is an action for damages in excess of fifteen thousand dollars ($15,000) exclusive of pre-judgment interest, attorneys' fees, and costs." (Doc. # 2 at ¶ 1). If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007). "A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010).

In its Notice of Removal, GeoVera contends the amount in controversy

exceeds $75,000 for two reasons. First, "[t]he total repair costs for the subject property that forms the basis of [Mavromatis's] Complaint are estimated, by [Mavromatis], to be $60,252.64." (Doc. # 1 at ¶ 8). Second, "[u]pon information and belie[f], [Mavromatis] will seek substantially more than $14,747.36 in attorney's fees if he prevails in the instant action at trial." (*Id.* at ¶ 9). As noted by Mavromatis, the $60,252.64 estimate was not reduced by the deductible of $7,140.00 and the $10,614.76 previously paid to him. (Doc. # 22 at 5); *see Jackson v. St. Jude Med. Neuromodulation Div.*, 62 F. Supp. 3d 1343, 1346-47 (M.D. Fla. 2014) (excluding the value of the insurance policy benefits the defendant already paid the plaintiff before removal from the amount-in-controversy calculation). Regardless, even if the deductible and prior payment were included in the calculation, GeoVera still failed to show the amount in controversy exceeded $75,000 at the time of removal.

Mavromatis seeks attorney's fees under Section 627.428, which allows for fees to a prevailing insured party. § 627.428, *F.S.* "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000). Nevertheless, "when the amount in controversy substantially depends on a claim for attorney fees, that claim should receive heightened scrutiny." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1080 n.10 (11th Cir. 2000).

A few courts have included projected attorney's fees based on the expected cost of litigating a case through trial. *See, e.g.*, *DO Rests., Inc. v. Aspen Specialty Ins. Co.*, 984 F. Supp. 2d 1342, 1346 (S.D. Fla. 2013). However, including attorney's fees estimated through trial "represent[s] a minority view among the federal district courts in Florida." *Iglesia La Nueva Jerusalem, Inc. v. Ohio Sec. Ins. Co.*, No. 6:18-cv-1813-Orl-28KRS, 2019 WL 479673, at *2 (M.D. Fla. Feb. 7, 2019). Instead, "most courts have held that only attorney fees up to the time of removal are included" in the amount in controversy. *Poudy v. Tex. Roadhouse Mgmt. Corp.*, No. 2:17-cv-715-FtM-99CM, 2018 WL 495343, at *3 (M.D. Fla. Jan. 22, 2018). This Court agrees with the majority approach, as "includ[ing] a highly speculative amount of attorney's fees estimated through trial" would be contrary to the general rule that the amount in controversy is determined at the time of removal. *Miller Chiropractic & Med. Ctrs., Inc. v. Progressive Select Ins. Co.*, No. 8:16-cv-3034-T-33MAP, 2016 WL 6518782, at *2 (M.D. Fla. Nov. 3, 2016).

GeoVera's estimated attorney's fees are too speculative to consider in the calculation of the amount in controversy. Specifically, GeoVera fails to offer any evidence to support its fees calculation. Instead, GeoVera relies "[u]pon information and belie[f]" that Mavromatis "will seek substantially more than $14,747.36 in attorney's fees if he prevails in the instant action at trial." (Doc. # 1 at ¶ 9). An unsubstantiated estimate of attorney's fees based

6

solely on a party's conclusory belief is insufficient. The speculative nature of these projected fees is further intensified by the fact that GeoVera's calculation is based on fees through trial, rather than at the time of removal, even though many insurance disputes settle before trial. *See Calhoun v. W. Heritage Ins. Co.*, No. 8:18-cv-2384-T-36AAS, 2018 WL 7268199, at *4 (M.D. Fla. Nov. 16, 2018) ("Many insurance dispute cases, such as this one, settle prior to trial."). And there is nothing before the Court to indicate that the attorney's fees accumulated before this action was removed come close to $14,747.36.

In sum, GeoVera's estimated attorney's fees are too speculative and uncertain to satisfy its burden of establishing the amount-in-controversy requirement by a preponderance of the evidence. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("[U]ncertainties are resolved in favor of remand."). Consequently, this action is remanded for lack of subject matter jurisdiction.

### III. Attorney's Fees and Costs for Removal

Mavromatis also seeks attorney's fees and costs under 28 U.S.C. § 1447(c). (Doc. # 15 at 8-9). Under Section 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Court may award attorneys' fees under Section 1447(c) "only where the removing party lacked

7

an objectively reasonable basis for seeking removal." *Bauknight v. Monroe Cty.*, 446 F.3d 1327, 1329 (11th Cir. 2006) (quotation marks and citations omitted). While proof of bad faith removal is not required, "there is no indication that a trial court should ordinarily grant an award of attorneys' fees whenever an effort to remove fails." *Kennedy v. Health Options, Inc.*, 329 F. Supp. 2d 1314, 1319 (S.D. Fla. 2004).

The Court concludes GeoVera had an objectively reasonable basis for removal. There is no binding Eleventh Circuit authority regarding the remand issues presented in this case, and nothing suggests GeoVera removed this case for improper purposes, such as to delay litigation. Therefore, an award of attorney's fees is not warranted under Section 1447(c).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Leon Mavromatis's Motion to Lift Stay and Remand (Doc. # 15) is **GRANTED IN PART AND DENIED IN PART**.

(2) Mavromatis's request to remand this action to state court is **GRANTED**. Mavromatis's request for attorney's fees and costs under 28 U.S.C. § 1447(c) is **DENIED**.

(3) This action is **REMANDED** to state court for lack of subject matter jurisdiction. Once remand is effected, the Clerk is directed to **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>5th</u> day of August, 2019.

TOM BARBER
UNITED STATES DISTRICT JUDGE